# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

SHAINA MAZZIO,

          Plaintiff,

v.                              Case No. 5:24-cv-389-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

          Defendant.

_____

## OPINION AND ORDER[2]

### I.   Status

Shaina Mazzio ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "mental disorders" including "generalized anxiety disorder, social anxiety disorder, depression, obsessive compulsive disorder and avoidant personality disorder," and physical issues of carpal tunnel syndrome, myalgia,

---

[1]    Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

and myositis. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed September 27, 2024, at 26, 179, 187, 423. Plaintiff protectively filed an application for DIB on March 4, 2021, alleging a disability onset date of April 14, 2020. Tr. at 356-69, 376-81; see also Tr. at 179. 187. The application was denied initially, Tr. at 178, 179-85, 199-202, and upon reconsideration, Tr. at 186, 187-95, 213-16.[3]

On March 3, 2023, an Administrative Law Judge ("ALJ") convened a hearing.[4] Tr. at 163. Plaintiff appeared without a representative[5] and requested that the hearing be postponed so she could attempt to obtain one. Tr. at 166-77; see also Tr. at 284, 303-04 (Plaintiff requesting a postponement pre-hearing). The ALJ explained to Plaintiff her right to representation[6] and continued the hearing. Tr. at 168-77. On June 13, 2023, the ALJ reconvened the hearing,[7] taking testimony from Plaintiff, who represented herself, and a vocational expert ("VE"). See Tr. at 124-62. At the time of the hearing, Plaintiff was forty-two (42) years old. Tr. at 143.

---

[3]     Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4]     The hearing was held via telephone with Plaintiff's consent. Tr. at 166-67.

[5]     Plaintiff had a non-attorney representative early in the administrative process, but she withdrew on May 20, 2022, after the claim was initially denied. Tr. at 211.

[6]     Plaintiff also received written documents explaining this right at various points in the process. Tr. at 277-78, 290-91, 298-99, 311-12.

[7]     The hearing was held via telephone. See Tr. at 127-28.

After the hearing, on July 6, 2023, the ALJ wrote Plaintiff a letter indicating the ALJ had "obtained additional evidence" that she "propose[d] to enter into the record." Tr. at 493. The new evidence consisted of medical records spanning from 2020 to 2023. See Tr. at 493 (citing Exs. 10F and 11F); Tr. at 715-48 (Ex. 10F), 749-801 (Ex. 11F). The ALJ advised Plaintiff that she had the right to submit written comments on the evidence, a statement regarding the facts or law to apply in light of the new evidence, and any additional records for the ALJ to consider. Tr. at 493. The ALJ also advised, importantly:

> You may also request a supplemental hearing. If you request a supplemental hearing, I will grant the request unless I decide to issue a fully favorable decision. If a supplemental hearing is scheduled, the claimant may testify, produce witnesses, and, subject to the provisions of 20 CFR 404.935, 404.949, 416.1435, and 416.1449, submit additional evidence and written statements. In addition, you may request an opportunity to question witnesses, including the author(s) of the new evidence. I will grant a request to question a witness if I determine that questioning the witness is needed to inquire fully into the issues. If a witness declines a request by me to appear voluntarily for questioning, I will consider whether to issue a subpoena to require his or her appearance.

Tr. at 493. Plaintiff in response, on July 11, 2023, requested a supplemental hearing to address additional evidence that the ALJ had received, as well as make the ALJ aware of various physical conditions from which she suffered and to request that her husband be permitted to testify. Tr. at 495-96. A hearing was set for October 10, 2023. Tr. at 306-10; see Tr. at 322.

Plaintiff attempted to obtain counsel, and Jeffrey Delott, Esquire, agreed to review Plaintiff's file to determine whether to represent her. Tr. at 323. According to Mr. Delott, he was only able to obtain access to Plaintiff's file by submitting an appointment of representative form to the ALJ's office. Tr. at 323. So, on about September 21, 2023, Mr. Delott submitted the required form, making him (on paper at least) Plaintiff's "counsel." Tr. at 317-20. After submitting the appointment forms, Plaintiff's counsel still was not permitted to access Plaintiff's file. Tr. at 322.

Counsel made the ALJ's office aware through no fewer than four letters that as of October 5, 2023, he still did not have access to the file and was requesting to postpone the hearing. Tr. at 322-30; see Tr. at 19. Once counsel was able to speak on the phone with the ALJ's assistant on October 6, 2023, the assistant advised that the requests to postpone were not received. Tr. at 322-23; see also Tr. at 497. Counsel was also advised that the hearing would not be postponed even though counsel had not obtained access to Plaintiff's file. Tr. at 19, 322-23, 502.

The administrative transcript does not contain a transcript of a hearing from October 10, 2023. The ALJ later wrote that Plaintiff's "representative did not appear for the supplemental hearing." Tr. at 19. According to a brief filed by Mr. Delott with the Appeals Council, on that date, Plaintiff "received a phone call from [the] ALJ['s] assistant to patch her in with the ALJ to start the

hearing." Tr. at 504 Plaintiff advised that Mr. Delott "would not be appearing because" he had not received "access to her file until the day before the hearing." Tr. at 504. After being put on hold so the assistant could confer with the ALJ, Plaintiff was advised the ALJ was "adjourning the hearing for 'failure to appear.'" Tr. at 504.

On October 16, 2023, Plaintiff was ordered to show cause why she "did not appear at [her] hearing." Tr. at 346. A copy of the letter explaining Plaintiff needed to show cause was also mailed to counsel. Tr. at 346. The next day, October 17, 2023, Plaintiff responded stating that she did appear for the hearing "but [her] attorney did not because [she] was not able to retain him because he had not been given access to [the] file prior to the hearing and didn't know if he was going to represent [Plaintiff] or not." Tr. at 347. Counsel never responded to the letter directing that Plaintiff show cause for failure to appear. Tr. at 19.

On January 23, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 18-34. As to the representation issue, the ALJ wrote that Plaintiff's "appreciation of the facts regarding her representation is incorrect" because "Mr. Delott was admitted as her representative and had complete access to the file before the hearing." Tr. at 19. As grounds for stating that Mr. Delott had access to the file, the ALJ relied on the filing of his appointment of representative form. Tr. at 19.

Thereafter, Plaintiff's counsel sought review of the Decision by the Appeals Council and submitted additional medical evidence and a brief authored by her representative. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 41-123 (medical evidence), 348-49 (request for review), 503-08 (brief). On June 4, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On July 30, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in: 1) "effectively den[ying] Plaintiff] the right to be represented [by not ruling] on a motion . . . establishing good cause to postpone the impending hearing because counsel had not been able to review her file"; 2) denying Plaintiff the supplemental hearing that the ALJ had previously represented would be granted upon request; and 3) assessing a residual functional capacity ("RFC") that was contrary to a statement of a treating physician. Plaintiff's Brief – Social Security (Doc. No. 12; "Pl.'s Br."), filed October 28, 2024, at 1 (emphasis omitted); see id. at 4-16. On December 4, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem.") addressing Plaintiff's arguments. Then, on December 17, 2024, Plaintiff's Reply Brief – Social Security (Doc. No. 17; "Reply") was filed.

- 6 -

Addressing Plaintiff's first and second arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration in light of the ALJ's failure to fully develop the record and its resulting prejudice to Plaintiff. On remand, this reconsideration may impact the Administration's consideration of the treating physician issue (issue three). For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[8] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

---

[8]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; <u>see also</u> <u>Simon v. Comm'r, Soc. Sec. Admin.</u>, 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. <u>See</u> Tr. at 22-33. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 14, 2020, the alleged onset date." Tr. at 22 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: generalized anxiety disorder (GAD), social anxiety disorder, carpal tunnel [s]yndrome (CTS), myalgia and myositis." Tr. at 22 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 22 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except [Plaintiff] is able to understand and recall simple and complex instructions and carry out simple tasks. She is

able to occasionally interact with co-workers and supervisors and
never interact with the public. She is able to adapt to jobs that do
not require an hourly quota production.

Tr. at 26 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past
relevant work" as a "cashier I" and "cashier II." Tr. at 32 (some emphasis and
citation omitted). The ALJ then proceeded to step five. After considering
Plaintiff's age ("a younger individual age 18-49"), education ("at least a high
school education"), work experience, and RFC, the ALJ relied on the VE's
testimony and found that "there are jobs that exist in significant numbers in
the national economy that [Plaintiff] can perform," Tr. at 32 (emphasis and
citation omitted), such as "Warehouse checker," "Labeler," and "Inspector and
packer," Tr. at 33 (citation omitted). The ALJ concluded Plaintiff "has not been
under a disability . . . from April 14, 2020, through the date of th[e D]ecision."
Tr. at 33 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability
pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given
to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported
by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir.
2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial
evidence is something 'more than a mere scintilla, but less than a

preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>Biestek v. Berryhill</u>, 587 U.S. 97, 103 (2019); <u>Samuels v. Acting Comm'r of Soc. Sec.</u>, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ effectively denied her the right to representation when refusing to "rule on a motion precisely tailored to the regulations establishing good cause to postpone the impending hearing because counsel had not been able to review her file." Pl.'s Br. at 4 (emphasis omitted). Next, Plaintiff contends the ALJ erred in electing not to hold the supplemental hearing that had been scheduled. <u>Id.</u> Responding, Defendant contends the ALJ "did not

deprive Plaintiff of her right to be represented." Def.'s Mem. at 6 (some capitalization and emphasis omitted). Defendant also argues that Plaintiff "was not denied the right to state her case" because she was permitted to "testif[y] at two different administrative hearings." Id. at 9 (some capitalization and emphasis omitted).

A claimant has a statutory right to be represented at a hearing before an ALJ. 42 U.S.C. § 406; see also Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995); Smith v. Schweiker, 677 F.2d 826, 828 (11th Cir. 1982). The Commissioner "has a duty to notify [the] claimant of his or her right to [representation] before the hearing." Smith, 677 F.2d at 828 (citation omitted). Though the right to be represented may be waived by the claimant, the waiver must be knowing and voluntary. See Brown, 44 F.3d at 935; Smith, 677 F.2d at 828. "[S]uch a waiver must establish, at some point, that the claimant is properly apprised of his [or her] options concerning representation to be effective." Smith, 677 F.2d at 828 (citation and internal quotation marks omitted).

An ALJ always "has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citation omitted). "Nevertheless, the claimant bears the burden of proving that [she] is disabled, and, consequently, [she] is responsible for producing evidence in support of [her] claim." Id.

"When an unrepresented claimant unfamiliar with administrative hearing procedures appears before an ALJ, the ALJ is under an obligation to develop a full and fair record; i.e. the record must disclose that there has been a full and fair hearing." <u>Kelley v. Heckler</u>, 761 F.2d 1538, 1540 (11th Cir. 1985) (emphasis and citation omitted). If the claimant did not validly waive the right to be represented, "the ALJ is under a 'special duty' to develop a full and fair hearing by conscientiously probing into all relevant facts." <u>Id.</u> n.2 (citations omitted). "This duty requires, essentially, a record which shows that the claimant was not prejudiced by the lack of [representation]." <u>Id.</u> (quoting <u>Smith</u>, 677 F.2d at 829). In examining whether a claimant was prejudiced by the lack of representation, a reviewing court must ensure the ALJ "scrupulously and conscientiously probe[d] into, inquire[d] of, and explore[d] for all the relevant facts." <u>Brown</u>, 44 F.3d at 934-35 (quoting <u>Smith</u>, 677 F.2d at 829).

Conversely, if the claimant validly waived the right to be represented (or in the instance when a claimant is represented during the hearing), the claimant must show "clear prejudice or unfairness" to prove that she was denied a full and fair hearing. [9] <u>Kelley</u>, 761 F.2d at 1540 n.2 (quoting <u>Clark v.</u>

---

[9]     The United States Court of Appeals for the Eleventh Circuit has stated the following regarding the two standards and their application:

> These two standards appear to differ only in degree. Both require that the ALJ fully develop the record. Both require a showing of prejudice to necessitate a

(Continued...)

Schweiker, 652 F.2d 399, 404 (5th Cir. 1981)); see Klarner v. Comm'r of Soc. Sec., No. 24-11613, 2025 WL 1753548, at *2, 11, n.3 (11th Cir. June 25, 2025) (applying the "clear prejudice" showing to a situation in which a claimant was represented during a hearing by a non-attorney representative who worked together with the claimant's counsel's firm). Of particular importance is "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" Brown, 44 F.3d at 935. Missing medical documentation or documentation of vocational services supporting a claim of disability can be prejudicial, especially when it relates to treatment occurring near or during the period in which the claimant is eligible for disability insurance benefits. See id.

Here, the first question, as Plaintiff frames it, is whether the ALJ effectively denied her the right to counsel by failing to postpone the October 10, 2023 hearing as requested when counsel had not been given access to Plaintiff's

---

remand to the [Commissioner] for reconsideration. The only discernable difference is that a more specific showing of prejudice is required if [a] claimant did not waive his [or her] right to [representation].

Kelley, 761 F.2d at 1540 n.2.

file and was unable to review it.[10] The Court need not reach this question, however, because it finds in favor of Plaintiff on the second question. Namely, regardless of the representation issue, even applying the heightened prejudice standard, the ALJ's election to adjourn the hearing under the circumstances amounted to a failure to fully and fairly develop the record that clearly prejudiced Plaintiff.

As explained earlier, the ALJ was on notice that the appointment of counsel form was required to be submitted so that Mr. Delott could gain access to Plaintiff's file to determine whether to represent her. See Tr. at 327 (October 2, 2023 letter stating "[w]hile I have agreed to review her file, I have not yet agreed to represent her" and "In order to gain access to be able to review her file, I am obligated to submit my letters of representation to her local office"). Accordingly, Mr. Delott submitted the form with the caveat that he needed more

---

[10]    The ALJ noted in the Decision that Plaintiff had received her file via email after the March 3, 2023 hearing, and the ALJ had advised Plaintiff that if she obtained representation, she could forward the file to the representative. Tr. at 18. After that (as stated more fully in the "Status" section, supra), the June 13, 2023 hearing was held in which Plaintiff represented herself. Following the June hearing, the ALJ received additional evidence and proffered it to Plaintiff, prompting the request and granting of a supplemental hearing that was scheduled for October 10, 2023. So, while the ALJ advised Plaintiff that she could forward the file to a representative, there were a number of intervening events before Plaintiff actually was able to get Mr. Delott to agree to review her file, including the addition of evidence that was missing when Plaintiff originally received her file. Further, Mr. Delott clearly notified the ALJ he was unable to access the file through the traditional means, giving the impression that he was unaware of the file purportedly being in Plaintiff's possession. It does not appear that the ALJ or her staff ever notified Mr. Delott that Plaintiff had her own file.

time to review the file and to prepare for a hearing in the event he "agree[d] to represent her." Tr. at 327; see Tr. at 322-30.

Whether or not the ALJ was on solid ground in refusing to delay the hearing for Mr. Delott to review the file, the fact remains that Plaintiff appeared for the hearing via telephone, and the ALJ refused to go forward because Mr. Delott did not appear. See Tr. at 19, 347, 504. Under the circumstances, with the unanswered question of whether Plaintiff was actually represented by Mr. Delott at that time, the ALJ's election not to clarify that matter amounted to Plaintiff not receiving the hearing that the ALJ herself recognized Plaintiff was due.

The ALJ found in the written Decision that Plaintiff "is represented as all the requirements of HALLEX I-1-1-10 have been met." Tr. at 19. The ALJ also evidently found that because Plaintiff was represented by Mr. Delott, his failure to appear for the October 10, 2023 hearing was grounds for adjourning it altogether without seeking to clarify the issue. The ALJ wrote in the Decision that she did "not find good cause for the representative to [have] not appear[ed] at the supplemental hearing." Tr. at 19.

It still remains unclear whether Mr. Delott was actually representing Plaintiff on October 10, 2023, but the available evidence suggests he was not. His pre-hearing correspondence makes clear he did not view himself to be committed to full representation yet despite filling out appointment of

representative paperwork to gain access to the file. He did not respond to the ALJ's order to show cause afterwards, and Plaintiff's response indicates: "I was not able to retain [Mr. Delott] because he had not been given access to my file prior to the hearing and didn't know if he was going to represent me or not." Tr. at 347.[11] Then, by January 20, 2024, he authored the brief Plaintiff submitted to the Appeals Council. See Tr. at 503-08.

Under the circumstances, the ALJ failed to fully and fairly develop the record by 1) refusing to clarify the representation issue; and 2) adjourning the hearing without the clarification. Plaintiff was clearly prejudiced because she did not receive the hearing that the ALJ had previously granted, resulting in an evidentiary gap in the file. Brown, 44 F.3d at 935. Reversal and remand for reconsideration is required.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)    Reevaluate Plaintiff's claim, being sure to clarify whether she is

---

[11]    He later clarified he did receive access to the file after business hours on a Friday before the Tuesday hearing. Tr. at 506.

represented and present Plaintiff with the opportunity for a hearing;

(B)    If necessary, address Plaintiff's other argument in this appeal; and

(C)    Take such other action as may be necessary to resolve this claim properly.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 25, 2025.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record